```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA


PURCELL BRONSON,              )
                              )
          Plaintiff           )
                              )
     v.                       )    Civil Action No. 02-547
                              )    Judge Alan Bloch
                              )    Magistrate Judge Amy Reynolds Hay
C.O. MINNICK, et al.,         )
                              )
          Defendants          )    Re: Doc. Nos. 97 & 102
```

REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is respectfully recommended that the defendants' motion for summary judgment (Doc. 97) be granted as to all claims against all defendants. It is also respectfully recommended that the plaintiff's motion for a Temporary Restraining Order (Doc. 102) be denied.

II. REPORT

This case has been the subject of prior proceedings, including two previous reports. Doc. Nos. 35 & 81. Familiarity with those prior reports is presumed. As a result of the prior proceedings there are only two remaining claims against the defendants. First, there is a First Amendment retaliation claim against Defendant Minnick. Second, there is an Eighth Amendment claim against all three of the defendants. In the operative complaint, plaintiff alleged that Defendant Minnick, a corrections officer, violated his First Amendment rights by retaliating against him (1) when Minnick allegedly threatened plaintiff's life because he had named Minnick as a defendant in

another suit and (2) when Defendant Minnick engaged in harassing cell searches. The second claim involves allegations of an Eighth Amendment violation against Defendant Minnick for engaging in those same harassing cell searches and against Defendants Dickson and Johnson, as Minnick's superiors, for affirmatively permitting the harassment.

### A. Relevant Factual and Procedural History

At the time of initiating this suit, plaintiff was a prisoner at SCI-Pittsburgh, which has since been shut down. Defendant Minnick was a corrections officer at that time but is now retired. Doc. 98 at 1. Defendant Philip Johnson was Superintendent at SCI-Pittsburgh but is now retired. Id. Defendant Joel Dickson was Deputy Superintendent there but is now at SCI-Rockview. Doc. 98 at 2 n.1. Plaintiff is now housed at SCI-Camp Hill.

In the operative complaint, plaintiff alleges that Defendant Minnick came to plaintiff on February 2, 2002 and told him that he (Minnick) had learned that plaintiff had made Minnick a defendant in another of plaintiff's suits, i.e., Bronson v. Dickson, No. 01-1021 (W.D. Pa.). Doc. 41 at ¶ 1. It is then that plaintiff alleges Defendant Minnick threatened plaintiff.[1]

---

[1] The court notes that in Bronson v. Dickson, No. 01-1021 (W.D. Pa.), plaintiff filed the original complaint in that case on or about June 13, 2001, and the original complaint did not name Defendant Minnick. It was not until November 21, 2001, that plaintiff executed what he entitled a supplemental complaint, id. (Doc. No. 43), in which he named Defendant Minnick, among others and he filed a motion on that same date seeking leave to file the

Plaintiff also alleges that Defendant Minnick engaged in harassing cell searches. Plaintiff alleged that Defendants Dickson and Johnson were made aware of Defendant Minnick's actions but did nothing. The foregoing actions or inactions of the defendants are alleged to have violated plaintiff's First and Eighth Amendment rights.

Defendants filed a motion for summary judgment with evidentiary attachments (Doc. 97) and a brief in support (Doc. 98). Plaintiff filed a brief in opposition (Doc. 103) but no evidentiary materials. Plaintiff also filed a motion for a Temporary Restraining Order ("TRO"). Doc. 102.

### B. Summary Judgement Standards

Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment may be granted against a party who fails

---

supplemental complaint. Id. (Doc. No. 39). The Court denied the motion to file a supplemental complaint in part and granted it in part. However, the portion of the supplemental complaint permitted to be filed, was not the portion of the complaint that contained any allegations against Defendant Minnick. See, id. (Doc. No. 42 at p. 10, permitting only paragraph 10 of the proposed supplemental complaint to be filed). Hence, Defendant Minnick was not sued as a defendant in Civil Action No. 01-1021, contrary to plaintiff's allegation in the complaint filed in the case presently before the court.

to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact.  Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a *genuine issue for trial* ... or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law.  Matsushita Electric Industrial Corp. v. Zenith Radio Corp., 475 U.S. 574 (1986).  An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  Thus, it must be determined "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 251-52.

   **C.  Discussion**

      **1.  First Amendment Claim**

Although not entirely clear from the complaint, it appears that plaintiff alleges that two sets of actions by Defendant Minnick constituted retaliatory adverse actions against plaintiff.  One set of actions was verbal threats against

plaintiff.  The second set was retaliatory cell searches and confiscation of property.  See Doc. # 27 at ¶ 10 (alleging retaliation).

The First Amendment protects a citizen's right to petition the government. See Cheminor Drugs, Ltd. v. Ethyl Corp., 168 F.3d 119, 130 (3d Cir. 1999).[2]

Retaliation for the exercise of a constitutionally protected right is itself a violation of rights secured by the Constitution, which is actionable under section 1983.  White v. Napoleon, 897 F.2d 103, 111 - 112 (3d Cir. 1990); Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981) (retaliation for exercising right to petition for redress of grievances states a cause of action for damages arising under the constitution). Accord Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997) ("[A]n otherwise legitimate and constitutional government act can become unconstitutional when an individual demonstrates that it was undertaken in retaliation for his exercise of First Amendment

---

[2] Technically speaking, the First Amendment applies to the states through the Fourteenth Amendment.  Bates v. City of Little Rock, 361 U.S. 516, 527-28 (1960)(Black, J. concurring); Bogen v. Doty, 598 F.2d 1110, 1111 n.1 (8th Cir. 1979)("The first amendment was made applicable to the states by the fourteenth amendment.").  The standards of the First Amendment are the identical standards applicable to the States through incorporation by the Fourteenth Amendment's due process clause. Johnson v. Louisiana, 406 U.S. 380, 384 (1972)("We have held that the guarantees of the First Amendment . . . are all to be enforced against the States under the Fourteenth Amendment according to the same standards that protect those personal rights against federal encroachment.").  With this understanding, the court will simply refer to the First Amendment in its discussion.

speech.") (<u>citing</u>, <u>Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274 (1977)).

In order to prevail on a retaliation claim, a plaintiff must establish:  (1) that he engaged in constitutionally protected activity; (2) that he was subject to adverse actions by a state actor; and (3) the constitutionally protected activity was a substantial motivating factor in the state actor's decision to take adverse action.  <u>Anderson v. Davila</u>, 125 F.3d at 161.  It is plaintiff's burden to prove that retaliating against him for the exercise of his First Amendment right to file a lawsuit was a substantial motivating factor in Defendant Minnick's allegedly adverse actions.  <u>See</u> <u>Hannon v. Speck</u>, Civ. A. No. 87-3210, 1988 WL 131367, at *4 (E.D.Pa. Dec. 6, 1988) ("In bringing a §1983 action alleging such retaliation, an inmate faces a substantial burden in attempting to prove that the actual motivating factor ... was as he alleged.") (internal quotes and citation omitted), <u>aff'd</u>, 888 F.2d 1380 (3d Cir. 1989)(Table).  Essentially, plaintiff must establish a causal nexus between the pendency of existing lawsuits and the motive of Defendant Minnick in conducting searches of plaintiff's cell and in confiscating property found therein deemed to be contraband or deemed to be in excess of what is permitted to be retained in a prisoner's cell. If the plaintiff proves these elements, "the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably

related to a legitimate penological interest." Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001); Pratt v. Rowland, 65 F.3d 802 (9th Cir. 1995).

In support of their summary judgment motion, the defendants submitted numerous misconducts reports that indicate that plaintiff had maintained contraband in his cell, including a plastic knife. The defendants proffer this evidence to show a legitimate penological interest on the part of Defendant Minnick to justify the allegedly harassing cell searches. The confiscation of contraband including the plastic knife, is self-evidently a legitimate penological interest,[3] especially considering that it was while plaintiff was imprisoned under a life sentence for committing murder when he committed a second murder by stabbing a fellow inmate, for which he was given a second sentence of life in prison.[4] By this evidence, the defendants met their initial summary judgment burden.

In response, plaintiff proffered no evidence. Instead he offered merely argument. However, this is insufficient to withstand summary judgment under the circumstances of this case,

---

[3] This is true notwithstanding plaintiff's argument that the knife was allegedly supplied by the prison as an eating utensil. Plaintiff offers no evidence as to whether he retained the knife after eating and whether he was permitted to do so or not.

[4] See Bronson v. Stickman, No. 04-0019 (W.D. Pa. Doc. 1)(attached to Doc. 1 is an exhibit which is the Superior Court's slip opinion in the case of Commonwealth v. Bronson, No. 29 WDA 2003 (Pa. Super. Sept. 3, 2003) recounting Plaintiff's convictions).

which requires evidence.  <u>United States v. Wade</u>, 93 Fed.Appx. 789, 790 (6th Cir. 2004)("legal  argument is not evidence"); <u>Millenium Expressions, Inc. v. Chauss Marketing, Ltd.</u>, No. 02 CIV 7545, 2006 WL 288353, *3 (S.D.N.Y. Feb. 6, 2006)("Legal argument, however, is not  evidence[.]").  Plaintiff argued that the searches were merely pretextual.  Having proffered no evidence of such pretext in response to the Defendants' summary judgment motion, he has failed to show a genuine issue of material fact and on the record as presented by the summary judgment motion, no reasonable jury could find for plaintiff on the claim that Defendant Minnnick retaliated against plaintiff based on Minnick's conducting of cell searches and property confiscations where the property was deemed to be contraband.  Plaintiff also argued that Defendant Minnick would not have known of plaintiff's past practices of collecting contraband and therefore, Minnick would not have had a legitimate basis for cell searches.  Again, plaintiff's argument is devoid of evidentiary support.  There is no evidence as to Defendant Minnick's alleged lack of knowledge concerning plaintiff's history of contraband collecting.

Even if plaintiff had attempted to provide evidence, as was his burden, the defendants' evidence regarding the legitimate penological interest for Minnick to have conducted frequent searches of plaintiff's cell and confiscated certain property, would have entitled them to summary judgment on this claim. <u>Carter v. McGrady</u>, 292 F.3d 152, 153 (3d Cir. 2002) ("We

conclude, assuming *arguendo* that Carter has correctly described the attitude at SCI-Mahanoy about jailhouse lawyering and that he has made out a *prima facie* case of retaliation, that there is no genuine issue of material fact that the prison officials would have disciplined Carter for these violations notwithstanding his jailhouse lawyering."). Accordingly, Defendant Minnick is entitled to summary judgment on this claim of retaliation.

As for the second set of actions, i.e., the verbal threats that Defendant Minnick is alleged to have engaged in for retaliatory purposes, such verbal threats, as a matter of law, cannot constitute an "adverse action." See, e.g., Bartelli v. Lewis, NO. CIV.A. 3:CV-04-0908, 2005 WL 2406048, *2 (M.D.Pa. Sept. 29, 2005)("we determine that verbal threats do not constitute an 'adverse action' and, therefore, do not fulfill a requisite element of a retaliation claim"). Moreover, even if in other circumstances verbal threats could be considered to constitute an "adverse action," plaintiff has adduced no evidence that mere verbal threats under the circumstances of this case constituted an "adverse action." In order to prove an "adverse action," a prisoner must prove that "the action 'was sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights.'"). Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Presently, plaintiff adduced no evidence that the alleged verbal threats would have deterred a reasonable prisoner from exercising his First Amendment rights. Indeed,

although actually being deterred from engaging in First Amendment rights is not required to be proven in order to make out a retaliation claim, the fact that plaintiff was not deterred provides some evidence that can be considered to show that a reasonable prisoner of ordinary firmness would not have been deterred by the alleged verbal threats.  Cf. Bartelli v. Bleich, NO. CIV.A.3:CV04-0899, 2005 WL 2347235, *3 (M.D.Pa. Sept. 26, 2005)("the copiousness of Plaintiff's civil rights lawsuits and complaints against prison officials belie any assertion that defendant Bleich's alleged threats affected Plaintiff's exercising his First Amendment Rights.").

## 2. Eighth Amendment claims

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."[5]  The Supreme Court has explained that analysis of a violation of the Eighth Amendment involves a two pronged inquiry: (1) an objective inquiry into the qualitative nature of the harm suffered by the victim of the alleged punishment and (2) a "subjective inquiry" into the mind

---

[5] Technically, the Eighth Amendment applies to the states through the Fourteenth Amendment.  See Estelle v. Gamble, 429 U.S. 97, 101-02 (1976) (citing Robinson v. California, 370 U.S. 660 (1962)).  The standards of the Eighth Amendment barring the federal government from inflicting cruel and unusual punishments are the standards applicable to the States through incorporation by the Fourteenth Amendment's due process clause.  See Sistrunk v. Lyons, 646 F.2d 64, 66-67 (3d Cir. 1981)(citing Robinson v. California).  With this understanding the court will simply refer to the Eighth Amendment in its discussion.

of the person inflicting the harm.  See Wilson v. Seiter, 501 U.S. 294 (1991).  The Court of Appeals for the Third Circuit Court has explained the objective element as requiring proof that "the deprivation was sufficiently serious to fall within the Eighth Amendment's zone of protections. . . .  If not our inquiry is at an end."  Fuentes v. Wagner, 206 F.3d 335, 344 (3d Cir. 2000), cert. denied, 531 U.S. 821 (2000).  Although the "objective component of a cruel-and-unusual-punishment claim focuses on the harm done[,]" Sims v. Artuz, 230 F.3d 14, 21 (2d Cir. 2000), the Third Circuit Court of Appeals has cautioned that "not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny."  Fuentes v. Wagner, 206 F.3d at 344 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)) (internal quotes omitted).  In determining whether a harm intended as punishment "was sufficiently serious to fall within the Eighth Amendment's zone of protections", Fuentes v. Wagner, 206 F.3d at 344, the Third Circuit has described the inquiry as whether the prisoner has been deprived of the "minimal civilized measure of life's necessities." Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992)(internal quotes omitted), superseded by statute on other grounds as stated in Ghana v. Holland, 226 F.3d 175, 184 (3d Cir. 2000).  To establish that one has been deprived of the minimal civilized measure of life's necessities requires a demonstration that one has been denied "basic human needs, such as food,

clothing, shelter, sanitation, medical care and personal safety." Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997).

Plaintiff alleges that all three defendants violated his Eighth Amendment rights because Defendant Minnick engaged in harassing cell searches and Defendants Dickson and Johnson, having been made aware of the harassment, did not intervene.

The defendants have met their initial summary judgment burden by pointing out the lack of evidence as to the objective prong of the Eighth Amendment, i.e., pointing out that plaintiff has utterly failed to adduce any evidence of the frequency with which the allegedly harassing cell searches took place.  In response, plaintiff contends in his unsworn brief that "the specific dates [of the cell searches] and the listed items [seized] are contained on documents being withheld by SCI-Camp Hill officials, [and] cannot be set forth herein."  Doc. 103 at 1.  This is insufficient.  See Fed.R.Civ.P. 56(f) (requiring an **affidavit** to explain alleged inability to respond to  summary judgment motion).  Moreover, the present motion for summary judgment was filed on October 21, 2005.  The court takes judicial notice that plaintiff was apparently given access to all of his property including legal materials on November 16, 2005, and that he has the capacity to request specific items from his stored property.  See Bronson v. Houdeshell, No. 05-2357 (M.D. Pa. Doc. 87-2 at ¶¶ 30 - 35.  Plaintiff does not attest that he made such requests for the items he alleges he needed to respond to the

summary judgment motion.  On this record, no reasonable jury could find for plaintiff on the objective prong.

Even if there were some evidence of the objective prong, i.e., that the cell searches constituted a serious deprivation of the  minimal civilized measure of life's necessities, there is no evidence provided by plaintiff in response to the summary judgment motion, of the subjective prong.  Indeed, the evidence of record provided by the defendants, regarding plaintiff's history of contraband and disciplinary charges for possession of such and possession of excess property in his cell, (even though he contends in his brief that the property was not contraband and that he did not keep excess property in his cell), evinces that the defendants did not possess the necessary subjective mindset required to make out an Eighth Amendment claim.  This is especially true of Defendants Dickson and Johnson, whose only knowledge of the allegedly harassing nature of the cell searches was plaintiff's say so in written grievances/letters.  That Defendants Dickson and Johnson concluded that the cell searches were not harassing and their apparent disbelief of plaintiff's allegations to the contrary, even if erroneous, simply does not constitute evidence of the requisite subjective mindset. Cf. Ammons v. Altergot, 968 F.2d 1218 (Table), 1992 WL 157551, *3 (7th Cir. July 8, 1992)(Nurse "Altergot's belief that Ammons was malingering if honest but erroneous, while crass and unprofessional, would not amount to the deliberate or even

reckless infliction of punishment and so would not be actionable under the Constitution.")(some internal quotations omitted); Price v. Cooper, NO. 94 C 5142, 1996 WL 467242, *3 (N.D.Ill. Aug. 12, 1996)("If medical personnel do not respond to complaints of pain, they are not liable if they honestly believed the inmate was malingering."). Based on this summary judgment record no reasonable jury could find for plaintiff.

### 3. **Plaintiff's TRO**

Plaintiff filed a motion for TRO, alleging that as of September 1, 2005, prison officials at SCI-Camp Hill, who were not named in any of the complaints filed in this action, who are not parties to this suit and over whom this court does not have personal jurisdiction, have consistently refused to allow him to have access to his property. Because plaintiff seeks to enjoin individuals who are not parties to this suit, for actions that are not sufficiently related to the operative complaint, his TRO request should be denied. See, e.g., De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945). ("A preliminary injunction is always appropriate to grant intermediate relief of the **same character** as that which may be granted finally. The injunction in question is not of this character. It is not an injunction in the cause, and it deals with a matter lying wholly outside the issues in the suit.")(emphasis added); Kaimowitz v. Orlando, 122 F.3d 41, 43 (3d Cir. 1997); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)("Devose's motion is based on new

assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit."). Hence, plaintiff's TRO motion should be denied. The court notes that plaintiff has filed an amended complaint in the Middle District in the case of Bronson v. Houdeshell, No. 05-2357 (M.D.Pa. Doc. No. 16 at ¶ 27 & ¶ 57),wherein he sought an injunction to require "defendants to release all of Plaintiff's active legal cases [sic] materials to him, and allow him weekly access to his legal property in storage." The Court further notes that plaintiff did, in fact, file a TRO and preliminary injunction motion with the Middle District complaining of substantially the same things he is complaining about in the instant TRO motion and seeking substantially the same relief, see Bronson v. Houdeshell, No. 05-2357 (M.D.Pa. Doc. Nos. 29 and 30). The Court of the Middle District Court denied plaintiff's TRO after a hearing. See id. (Oral order entered 3/1/2006).

III. CONCLUSION

For the above stated reasons, the district court should grant the defendants' motion for summary judgment (doc. 97) and deny plaintiff's motion for temporary restraining order (doc. 102).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                                          Respectfully submitted,

                                          /s/ Amy Reynolds Hay
                                          AMY REYNOLDS HAY
                                          United States Magistrate Judge

Dated: 10 May, 2006

cc:   The Honorable Alan N. Bloch
      United States District Judge

      Purcell Bronson
      AF-8163
      SCI Camp Hill
      P.O. Box 200
      Camp Hill, PA 17001

      Craig E. Maravich, Esquire
      Office of the Attorney General
      564 Forbes Avenue
      6th Floor, Manor Complex
      Pittsburgh, PA 15219